IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNY CALIHAN,

       Plaintiff,                     No. CIV S-12-0138 DAD P

   vs.

G. MURPHY et al.,

       Defendants.            ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Doc. No. 6.)

**PLAINTIFF'S COMPLAINT**

       In the present action, plaintiff has identified Lieutenant G. Murphy, Counselor C. Cser, Counselor R. Sanchez, and fellow inmate D. Davey as the defendants. In his complaint, plaintiff alleges that the named defendants were involved in a scheme to place him in administrative segregation based on a frivolous lock-up order. In terms of relief, plaintiff requests declaratory relief, injunctive relief and monetary damages. (Compl. at 5-6.)

/////

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense. See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to

specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

## DISCUSSION

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). On plaintiff's original form complaint, Question B.1 asks "Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?" Plaintiff has checked the "Yes" box. Question B.2 asks "Have you filed a grievance concerning the facts relating to your current complaint?" Again, plaintiff has checked the "Yes" box. Finally, Question B.3 asks "Is the grievance procedure completed?" Plaintiff has checked the "No" box. In the space provided for plaintiff to describe why the grievance procedure is not completed, plaintiff explains that his inmate grievance is still pending. Plaintiff has also attached a memorandum from prison officials dated January 3, 2012, explaining that the due date for a response to his appeal has been extended due to the "unavailability of appellant, or staff or inmate witness." (Compl. at 2 & Attach.)

As noted above, the California Department of Corrections and Rehabilitation has an established administrative grievance system and a prescribed grievance process that plaintiff must complete prior to bringing a § 1983 action on his claims. See Vaden v. Summerhill, 449 F.3d 1047, 1050-51 (9th Cir. 2006) (prisoner must exhaust administrative remedies prior to filing his complaint in federal court); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (prisoner does not satisfy the exhaustion requirement with respect to the claims in his original complaint by exhausting administrative remedies during the course of litigation). If a court

concludes, as it does here, that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120. Given plaintiff's acknowledgment of non-exhaustion, the undersigned will dismiss this action without prejudice.[1]

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 9) is denied; and

2. This action is dismissed without prejudice for failure to exhaust administrative remedies prior to bringing this action.

DATED: March 13, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cali0138.fte

---

[1] Plaintiff is informed that dismissal without prejudice will permit him to file a new action upon exhaustion of the prison grievance process through its completion. If plaintiff decides to file a new action, he should not include this case number on the new complaint. In addition, the new complaint should be accompanied by a properly completed, updated application to proceed in forma pauperis.